IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ERIKA A. MIELKE,

              Plaintiff,

                  v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

Civil No. 09-895-ST

FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge:

## FINDINGS

Plaintiff, Erika Mielke, previously filed an action in this court seeking review of a decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits. *Mielke v. Commissioner*, Civil No. 07-380-AA ("*Mielke I*"). On February 26, 2008, this court granted the parties' stipulated motion to remand plaintiff's prior

1 - FINDINGS AND RECOMMENDATION

case for further administrative proceedings. *See Mielke I* (docket #29). The Commissioner then conducted a hearing on November 3, 2008, at which plaintiff appeared and testified, as did an impartial vocational expert. Ford Decl., Ex. 1, p. 3. At that time, plaintiff was represented by Peter Evans, an attorney then in the law firm of David B. Lowry ("Lowry").[1]

An Administrative Law Judge issued a decision on February 25, 2009, denying the plaintiff's claim for Title II disability insurance benefits and mailed a copy thereof to plaintiff and her representative. Ford Decl., ¶ 4(a) & Ex. 1. The notice of hearing decision advised that a civil action could be filed at any time between the 61st and 121st day after the date of the notice, *i.e.*, within the 60-day period after the Administrative Law Judge's decision became final. *Id*, Ex. 1, p. 2. The the law firm representing plaintiff received and calendared the denial letter on the firm's computer system, but never brought it to the attention of the responsible attorney, apparently due to personnel upheaval in the law firm: "The date [of the February 25, 2009 hearing denial] was entered in the Claims section in our computer system by a clerk, but was never brought to my attention or to the attention of my paralegal. . . . Additionally, our law firm also had one attorney leave, [and] new staff was being hired including a new attorney, during the time we should have received [sic] written denial letter." *Id*, Ex. 2, p. 1.

On July 30, 2009, for reasons not revealed in the record, "[i]t came to [Lowry's] attention . . . that [plaintiff's] hearing had been denied on 2/25/09." *Id*. Five days later, on August 4, 2009, plaintiff filed this action. Lowry subsequently requested from the Appeals Council an extension of time in which to file a civil action, attaching a letter from plaintiff indicating that

---

[1] At the time of her November 3, 2008 hearing, plaintiff was represented by Peter Evans. Ford Decl., Ex. 1, p. 3. Peter Evans apparently worked in the law office of David B. Lowry from some time in 2004 until some time in 2009 when he left to form his own law firm. *See* www.peterevanslaw.com/attorneys.html (last accessed 2/18/2010).

2 - FINDINGS AND RECOMMENDATION

she had "for the last several years . . . had trouble sending and receiving mail," and alerting the Appeals Council to the tumultuous personnel situation in his law firm. *Id*, Ex. 2, p. 3. However, on September 16, 2009, the Appeals Council denied the request for an extension of time, noting that "a miscommunication with office staff is not a good reason for not filing timely your request for more time to file a civil action." *Id*, Ex. 3, p. 1. It pointed out that the "request for an extension of time came more than five months after the Administrative Law Judge had issued the hearing decision and more than a month after the deadline for filing a civil action." *Id.* It also found "no documentation in the file that the claimant has had any problems receiving mail." *Id*.

The Commissioner now moves to dismiss this action for lack of subject matter jurisdiction based on the failure to file this case within the statutory 60-day window. Plaintiff asks this court to excuse the late filing, asserting that the Appeals Council failed to analyze whether "good cause" had been shown for the late filing under 20 CFR § 404.911 and contending that the late filing should be disregarded under FRCP 61 as harmless error not affecting any party's substantial rights.

Unfortunately for plaintiff, this court's hands are tied. The 60-day period specified in 42 USC § 405(g) is treated as a statute of limitations subject to equitable tolling. *Bowen v. City of New York*, 476 US 467, 480 (1986). Equitable relief is allowed "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Id*, quoting *Matthews v. Eldridge*, 424 US 319, 330 (1976). "Generally, a litigant seeking equitable tolling bears the burden of establishing that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 US 408, 418 (2005) (citation omitted). As an equitable doctrine, whether the

3 - FINDINGS AND RECOMMENDATION

circumstances are sufficiently extraordinary to justify tolling the statute of limitation is a "fact-specific determination because [such a finding] is reserved for extraordinary facts." *Cabello v. Fernandez-Larios*, 402 F3d 1148, 1154-55 (11th Cir 2005) (citation, internal quotes omitted).

The record shows that the office of plaintiff's attorney received a copy of the denial letter, but a clerk in that office mistakenly entered it into the incorrect section of the computer system and neglected to pass either the denial letter or the pertinent information to the responsible attorney. The responsible attorney then did not actually become aware of the denial until about three or four weeks after the appeal time lapsed. Plaintiff may not have received the Commissioner's decision, but the law firm representing her clearly did. These facts do not present the type of "extraordinary circumstance" that can justify equitable tolling. While this court is loathe to turn a disability case into one for attorney malfeasance, nothing in the present record meets the high bar set by *Bowen*.

## RECOMMENDATION

For the reasons stated above, the Commissioner's Motion to Dismiss (docket #8) should be GRANTED and this case should be DISMISSED.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due March 8, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

///

///

///

4 - FINDINGS AND RECOMMENDATION

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 19th day of February 2010.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION